IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   05-cv-02505-WDM-OES

KAREN DUDINIKOV, et al.,

    Plaintiff(s),

v.

CHALK & VERMILLION FINE ARTS, INC., et al.

    Defendant(s).
_____

**ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE**
_____

    This matter is before me on the recommendation of Magistrate Judge Michael E. Hegarty, issued May 15, 2006, that Defendants' Motion to Dismiss Complaint for Lack of Personal Jurisdiction and Improper Venue (docket no. 7) be denied.  Defendants filed a timely objection to the recommendation, Plaintiffs responded and Defendants filed their reply.  Accordingly, Defendants are entitled to *de novo* review.

    I have reviewed *de novo* the permanent portions of the record, including the parties' pleadings, the magistrate judge's recommendation and the parties' briefs concerning Defendants' objections.  I conclude that Defendants' objections should be sustained and the recommendation modified as hereafter set forth.

    Defendants had moved for dismissal because of the lack of personal jurisdiction over the Defendants as non-residents.  Although Judge Hegarty recommends that I find that Defendants are not subject to general jurisdiction, he concluded that Plaintiffs

presented "*prima facie* proof of specific jurisdiction in that Defendants knew that their actions would result in harm directly to plaintiff's business in the state of Colorado and intended this harm to occur." Mag. Rec, p. 14.  For substantially the same reasons set forth in the recommendation, I accept Judge Hegarty's recommendation that this court does not have general jurisdiction over the Defendants.  However, for the reasons hereafter stated, I reject Judge Hegarty's conclusion that specific jurisdiction existed and modify the recommended decision to grant the motion to dismiss (docket no. 7).

The Recommendation presents the factual background which may be briefly summarized.  Plaintiffs offered a dress for sale on e-Bay which Defendants assert infringes on copyrighted material controlled by them.  Pursuant to the Digital Millennium Copyright Act (DMCA), Defendants gave a Notice of Claimed Infringement (NOCI) to e-Bay.  *See* 17 U.S.C. § 512(c)(1)(C).  To avoid possible liability e-Bay removed the dress from its website.  *Id.*  Plaintiffs ultimately filed a counter notice with e-Bay.  *See* 17 U.S.C. § 512(g)(3)(D).  Plaintiffs claim harm from loss of revenue because of e-Bay's withdrawal of the image and an ultimate threat of being prohibited from placing items on the website.  Complaint, ¶ 25.  However, the sole relief sought in Plaintiffs' complaint is a declaratory judgment that the fabrics in question do not infringe on Defendants' copyright together with injunctive relief against Defendants.

Under these circumstances Magistrate Judge Hegarty concluded that specific jurisdiction over Defendants existed because Defendants' NOCI activities were purposefully directed to the foreign state where they knew Plaintiffs operated which allegedly caused harm to Plaintiffs.  He concluded that the alleged injuries arose out of

2

or related to the NOCI.  *See Benton v. Cameco Corp.,* 375 F.3d 1070, 1075 (10th Cir. 2004).

In making his decision, Magistrate Judge Hegarty principally relied on *Calder v. Jones*, 465 U.S. 783, 789 (1984), a case determining that Florida residents writing and publishing an alleged libelous story concerning the California activities of California residents was sufficient to establish jurisdiction because their "alleged wrongdoing [was] intentionally directed at a California resident . . .."  465 U.S. at 790.

Judge Hegarty also sought to distinguish two cases of copyright protection upon which Defendants rely, *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355 (Fed. Cir. 1998); *Wise v. Lindamood*, 89 F. Supp. 2d 1187 (D. Colo. 1999). Plaintiffs argued, and Judge Hegarty accepted, that those two cases dealt only with cease and desist letters with no direct impact while the filing of a NOCI with e-Bay effectively stopped Plaintiffs' sale of the fabric at issue.

I disagree with this reasoning and conclude that *Calder* and its progeny are inapposite to this case.  Rather, the reasoning of *Red Wing Shoe Co.* and *Wise* should be applied to deny the existence of specific jurisdiction.

*Calder* specifically holds that where allegedly wrongful conduct is directed at the forum resident concerning forum activities specific jurisdiction is appropriate.  Yet there has been some dispute as to the reach of *Calder.*  We know that *Calder* does not stand for the simple proposition "that a foreign act with foreseeable effects in the forum state always gives rise to specific jurisdiction."  *Bancroft & Masters, Inc. v. Augusta Natonal Inc.,* 223 F.3d 1082, 1087 (9th Cir. 2000).  There must be "something more."

3

*Id. See World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 294 (1980) (forseeability alone insufficient for personal jurisdiction under the due process clause). The Ninth Circuit succinctly summarizes what the "something more" should be, namely, "express aiming" at the forum state, a requirement satisfied "when a defendant is alleged to have engaged in <u>wrongful conduct</u> targeted at a plaintiff whom the defendant knows to be a resident of the forum state." 223 F.3d at 1087 (emphasis added). I emphasize "wrongful conduct" to make plain that innocent or lawful activity that has an incidental impact in another jurisdiction cannot alone be a basis for "hailing someone into court even if the impact may be foreseeable." *Worldwide Volkswagon Corp.*, 444 U.S. at 297. Here, the alleged harm to Plaintiffs is the consequence of Defendants exercising a statutorily conferred right to remedy a claimed copyright infringement. The statutory purpose is to protect the holder of a copyright and provide a mechanism for resolution short of court action. *See Perfect 10, Inc. v. CC Biell, LLC,* 340 F. Supp. 2d 1077 (C.D. Cal. 2004) (DCMCA enacted to preserve copyright enforcement on internet and provide immunity to service providers). Even assuming Defendants could foresee that sending a NOCI may cause Plaintiffs to act or fail to act in Colorado, it was not the consequence of a <u>wrongful act</u> in the circumstances. Accordingly, *Calder* is not a basis for specific jurisdiction.

 I also view the NOCI, the lawful act undertaken to protect copyrights owned by the party, as closely akin to the cease and desist letters which were insufficient to create personal jurisdiction simply by informing parties, including the claimed infringer, of suspected infringement. *Red Wing Shoe Co., Inc.* 148 F.3d at 1361. My colleague,

Chief Judge Babcock, carefully examined this issue, including a review of several related decisions, and concluded that the vast majority of courts reach the same result. *Wise*, 89 F. Supp. 2d at 1192.  As Judge Babcock points out, allowing a party to impose jurisdiction on a non-resident for simply asserting infringement of the parties' protected rights will encourage forum shopping, decrease the likelihood of settlement and obstruct efficient resolution of controversies.  *Id.* at 1191-2.

Accordingly, it is ordered:

1.  The recommendation of Magistrate Judge Hegarty, issued May 15, 2006, is accepted in part, rejected in part and modified as provided herein.

2.  Defendants' motion to dismiss (Docket No. 7) is granted because this court has neither general or special jurisdiction over the Defendants, and this case is dismissed without prejudice.

3.  Defendants may have their costs.

DATED at Denver, Colorado, on September 14, 2006.

BY THE COURT:

s/ Walker D. Miller
United States District Judge